CLOSED

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| EVERYTHING YOGURT BRANDS, LLC, | : | |
| | : | Civil Action No. 09-4847 (SRC) |
| Plaintiff, | : | |
| | : | **OPINION & ORDER** |
| v. | : | |
| | : | |
| M.A.R. AIR FOODS, INC. et al., | : | |
| | : | |
| Defendants. | : | |

**CHESLER**, District Judge

    This matter comes before the Court on its own motion to remand for lack of subject matter jurisdiction. Defendants M.A.R. Air Foods, Inc. and Ram Singla (collectively, "Defendants") filed a Notice of Removal and Complaint in this Court on or about September 21, 2009. The Notice of Removal asserts that this Court has federal subject matter jurisdiction over this action by virtue of diversity jurisdiction, pursuant to 28 U.S.C. § 1332. The Notice of Removal asserts that Plaintiff is a Delaware limited liability company with a principal place of business in the State of New Jersey, and identifies Defendants as citizens of the State of New York. Neither the Complaint nor the Notice of Removal contain a statement regarding the citizenship of each and every member of Plaintiff. Because the citizenship of each member of a limited liability company must be considered for diversity purposes,[1] on September 25, 2009, this

---

[1] Grupo Dataflux v. Atlas Global Group, L.P., 541 U.S. 567, 586 n. 1 (2004); Carden v. Arkoma Assocs., 494 U.S. 185, 195-97 (1990); see also Swiger v. Allegheny Energy, Inc., 540 F.3d 179, 182 (3d Cir. 2008) (holding that "courts are to look to the citizenship of all the partners (or members of other unincorporated associations) to determine whether the federal district court

Court issued an Order to Show Cause, requiring Defendants to show in writing why this action should not be remanded to the Superior Court of New Jersey for lack of federal subject matter jurisdiction.

Defendants' response to the Order to Show Cause concedes that Defendants do not know the citizenship of each member of the limited liability company Plaintiff. Defendants ask this Court not to remand this case on two grounds. First, Defendants contend that this same Plaintiff has been allowed to proceed in a case in the Eastern District of New York predicated on diversity jurisdiction. Defendants articulate no legal theory to explain how this fact, even if true, would result in the conclusion that this Court has subject matter jurisdiction in the instant case. It is neither surprising nor persuasive that a district court within the Second Circuit has not been bound by the Third Circuit's decision in Swiger.

Second, Defendants ask that they be allowed to obtain limited discovery on the matter of the citizenship of Plaintiff's members. In the Third Circuit, jurisdictional discovery is ordinarily available to assist a plaintiff in establishing the contacts necessary for the exercise of personal jurisdiction. Metcalfe v. Renaissance Marine, Inc., 566 F.3d 324, 336 (3d Cir. 2009). The Third Circuit has not directly addressed, however, the question of whether jurisdictional discovery is available to assist in resolving uncertainties about diversity jurisdiction. The reasoning in Emerald Investors Trust v. Gaunt Parsippany Ptnrs, 492 F.3d 192, 203 (3d Cir. 2007), however, is quite relevant.

In Emerald, the Court considered the question of how to determine the citizenship of a trust for purposes of diversity jurisdiction. Id. at 201. The Court evaluated four possible tests.

---

has diversity jurisdiction.")

Id. The Court rejected one option (the "Wright & Miller rule") because it would require jurisdictional discovery:

> The problem with this rule is that it places a great and unnecessary burden on both the litigants and the courts themselves. The Wright & Miller rule would require that in each case where a trust is a party and the plaintiff relies on the court's diversity of citizenship jurisdiction, the court would have to monitor jurisdictional discovery to the same extent that it monitors any discovery in the case, and make findings with respect to the roles of the trustee and beneficiary in the affairs of the trust, all in a case that might be dismissed, or, if removed from a state court, remanded to it.

Id. at 203. Furthermore, in support of its decision, the Court quoted Kuntz v. Lamar Corp., 385 F.3d 1177, 1183 (9th Cir. 2004): "[J]urisdictional rules should be as simple as possible, so that the time of litigants and judges is not wasted deciding where a case should be brought and so that fully litigated cases are not set at naught." Emerald, 493 F.3d at 203.

This reasoning relates clearly and directly to the issue at hand. Defendants seek the kind of jurisdictional discovery that the Third Circuit has held to be unnecessarily burdensome, especially when a case may be remanded to state court. Defendant's request for jurisdictional discovery will be denied.

In an action removed to federal court under 28 U.S.C. § 1441, the removing party bears the burden of demonstrating that there is federal subject matter jurisdiction over the action. Samuel-Bassett v. KIA Motors Am., Inc., 357 F.3d 392, 396 (3d Cir. 2004); Boyer v. Snap-On Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990). Section 1441 must be strictly construed against removal, with all doubts to be resolved in favor of remand. Batoff v. State Farm Ins. Co., 977 F.2d 848, 851 (3d Cir. 1992). Federal statutory law mandates that "if at any time before final

judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(d); see also Federal Rule of Civil Procedure 12(h)(3).  The Court, moreover, has an independent obligation to satisfy itself that it has subject matter jurisdiction over a case.  Meritcare Inc. v. St. Paul Mercury Ins. Co., 166 F.3d 214, 217 (3d Cir. 1999), overruled on other grounds by Exxon Mobil Corp. v. Allapattah Svcs., Inc., 545 U.S. 546 (2005).

Defendants have failed to establish a basis for this Court to exercise diversity jurisdiction over this case, and have failed to show cause why this action should not be remanded to the Superior Court of New Jersey for lack of federal subject matter jurisdiction.  This case will be remanded to the Superior Court of New Jersey for lack of federal subject matter jurisdiction.

**SO ORDERED.**

  s/Stanley R. Chesler
STANLEY R. CHESLER
United States District Judge

DATED: October 8, 2009